NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

LA'NIKKI G., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, L.E., *Appellees*.

No. 1 CA-JV 22-0017
FILED 5-10-2022

Appeal from the Superior Court in Maricopa County
No. JD533552
The Honorable Janice K. Crawford, Judge

**AFFIRMED**

COUNSEL

Robert D. Rosanelli Attorney at Law, Phoenix
By Robert D. Rosanelli
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Amanda Adams
*Counsel for Department of Child Safety*

---

**MEMORANDUM DECISION**

Vice Chief Judge David B. Gass delivered the decision of the court, in which Presiding Judge Paul J. McMurdie and Judge Angela K. Paton joined.

---

**G A S S**, Vice Chief Judge:

¶1        Mother appeals the superior court's dependency order. Because reasonable evidence supports the superior court's findings, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2        This court views the evidence and reasonable inferences to be drawn from it in the light most favorable to affirming the superior court's decision. *See Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 282, ¶ 13 (App. 2002).

¶3        Mother is the biological parent of a nine-month-old child (L.E.) and a four-year-old child (S.J.).

¶4        Though this appeal involves L.E., we discuss the dependency as to S.J. because it relates to L.E.'s dependency. The Department of Child Safety (DCS) received a report of an altercation between mother and father in which mother hit and kicked S.J. and threatened to smash S.J.'s head. Police arrested mother and charged her with felony child abuse, assault, and criminal damage. DCS took temporary custody of S.J. and initiated dependency proceedings.

¶5        During its investigation regarding S.J., DCS found mother had a history of domestic violence incidents against family members, including S.J., father, previous significant others, and maternal grandfather. Ultimately, the superior court found S.J. dependent as to mother because of domestic violence, substance abuse, and mental-health issues. In the following months, the police arrested mother two more times for domestic violence incidents during which she struck father and attempted to stab him and herself with scissors.

¶6        While S.J.'s dependency was pending, mother gave birth to L.E. DCS quickly implemented an in-home safety plan, including having maternal grandmother and aunt serve as safety monitors in mother's

residence. Within a week, those relatives allowed father into the residence, and mother and father had a verbal altercation. As a result, DCS placed L.E. in foster care and sought a dependency based on neglect, abuse, mental-illness, and substance-abuse grounds.

¶7          Because of S.J.'s dependency, DCS had referred mother for individual therapy, a substance-abuse assessment with TERROS Health, drug testing, parent-aide services, and supervised visits. After DCS initiated dependency proceedings for L.E., mother submitted to a urinalysis and hair-follicle test. Her urinalysis test returned negative results, but her hair-follicle test was positive for methamphetamine.

¶8          Mother regularly participated in visitation with L.E. During some visits, mother cursed at L.E. and became "noticeably irritated [and] agitated." Mother did not regularly participate in the other services DCS provided. Mother participated in only 1 of 24 drug tests DCS scheduled for her. Mother did not participate in a substance-abuse assessment with TERROS Health. And, after threatening the therapist DCS provided, mother closed out unsuccessfully from individual counseling because of her lack of engagement.

¶9          After a contested dependency hearing, the superior court found L.E. dependent. Mother timely appealed. This court has jurisdiction under article VI, section 9, of the Arizona Constitution, and A.R.S. §§ 8-235.A, 12-120.21.A.1, and 12-2101.A.1.

## ANALYSIS

¶10          Mother argues reasonable evidence did not support the superior court's dependency finding. We disagree.

¶11          A dependent child includes a child "whose home is unfit by reason of abuse, neglect, cruelty or depravity by a parent." A.R.S. § 8-201(15)(a)(iii). Neglect is the "inability or unwillingness of a parent . . . to provide that child with supervision, food, clothing, shelter or medical care if that inability or unwillingness causes unreasonable risk of harm to the child's health or welfare." A.R.S. § 8-201(25)(a).

¶12          "A finding of dependency requires proof by a preponderance of the evidence." *Shella H. v. Dep't of Child Safety*, 239 Ariz. 47, 50, ¶ 13 (App. 2016); *see also Louis C. v. Dep't of Child Safety*, 237 Ariz. 484, 489–90, ¶¶ 21–24 (App. 2015). The superior court "must determine whether a child is dependent based upon the circumstances existing at the time of the adjudication hearing." *Shella H.*, 239 Ariz. at 50, ¶ 12; *see also Francine C. v.*

*Dep't of Child Safety*, 249 Ariz. 289, 300, ¶ 35 (App. 2020). In doing so, the court may also consider earlier events if they pose a "substantiated and unresolved threat" to the child. *Shella H.*, at 51, ¶ 16. This court reviews a dependency order for abuse of discretion and will affirm the order unless no reasonable evidence supports the factual findings upon which it is based. *Louis C.*, 237 Ariz. at 488, ¶ 12.

**¶13**      Here, reasonable evidence supports the superior court's dependency order. The DCS case manager testified mother was "unable to manage her emotions in order to appropriately parent" L.E. During supervised visits, mother occasionally cursed at L.E. and became "noticeably irritated [and] agitated." Mother also made serious threats of violence against those associated with her case, including her therapist. DCS further had an open dependency with mother's other child, S.J., because of mother's substance abuse and domestic violence.

**¶14**      Though mother participated in supervised visits, she did not sufficiently engage in other services to address her parenting skills. Mother unsuccessfully closed out from individual counseling. After testing positive for methamphetamine in a hair-follicle analysis in August 2021, mother submitted only 1 of 24 scheduled drug tests. Though mother says she could not travel to her testing appointments, DCS offered mother bus passes and same-day cab service to facilitate her attendance. And DCS referred mother to TERROS Health for a substance-abuse assessment, but the record shows mother did not engage with TERROS Health.

**¶15**      Mother contests several of the superior court's factual findings. But reasonable evidence in the record supports the superior court's finding mother did not engage in the services she needed to manage her behavior and provide a safe, stable environment for L.E. *See Pima Cnty. Juv. Dependency Action No. 96290*, 162 Ariz. 601, 604 (App. 1990) (failing to remedy the causes of past abuse and neglect may suggest a parent is not "presently willing to or capable of exercising proper and effective parental care and control"). The superior court is in the best position to weigh that evidence, and this court "will not reweigh that evidence on review." *Louis C.*, 237 Ariz. at 488, ¶ 14.

**¶16**      As a final matter, the superior court's order says it found "a factual basis for the Dependency" and that "the Child is a Dependent Child as to Mother as defined by Arizona Revised Statutes." The better practice would be for the superior court to identify which ground serves as the basis for a dependency by a preponderance of the evidence rather than just concluding a factual basis exists and citing the Arizona Revised Statutes

generally. Even so, reasonable evidence supports the superior court's factual findings regarding the grounds alleged. *See Ariz. Dep't of Econ. Sec. v. Matthew L.*, 223 Ariz. 547, 549, ¶ 7 (App. 2010) (this court "will not disturb a juvenile court's determination unless reasonable evidence does not support its factual findings"*); see also Maricopa Cnty. Juv. Action No. JS-8287*, 171 Ariz. 104, 111 (App. 1991) (the superior court "will be deemed to have made every finding necessary to support the judgment") (citation omitted).

## CONCLUSION

¶17        We affirm.

